## JAQUITH v. THE AMERICAN EXPRESS CO.

S., having a boarding-house keeper's lien, under the laws of Massachusetts (Gen. Stats., c. 157), upon a trunk for board, did not lose it by sending it to this state, by the defendants, under instructions not to deliver it until her claim upon it for board was paid.

REPLEVIN, for a trunk and contents. Facts found by a referee. The trunk and contents belonged to the plaintiff in December, 1878. He then resided in Boston and boarded with S., and then owed her twenty-one dollars for board. S. retained the trunk, claiming a lien on it under the provisions of the Mass. Gen. Stats., c. 157. The plaintiff called on S. for the trunk, but she refused to give it up until her bill for board was paid. She informed the plaintiff that she was preparing to remove to New York city to reside. She did remove there, about Christmas, 1878, leaving the trunk, with her bill against the plaintiff, with her daughter, in Boston, where it remained until March, 1879, when the daughter carried it to her mother in New York, at the mother's request.

March 26, 1879, S. wrote the plaintiff's father, in Keene, informing him she held his son's trunk for board, stating the amount due, and asking what she should do with it. July 14, 1879, the

father replied, directing her to send it to him by express. S. sent it by the defendants, with her bill against the plaintiff, C. O. D. On its arrival in Keene, the father paid the freight but refused to pay the bill for board, and the defendants refused to give it up. The plaintiff, when he brought this suit, knew the defendants were holding the trunk as security for his board-bill.

*D. H. Woodward*, for the plaintiff.

*Batchelder & Faulkner*, for the defendants.

STANLEY, J. S. had a valid lien on the trunk and contents, under the laws of Massachusetts. Mass. Gen. Stats., c. 157. She retained possession of the trunk while in Massachusetts. Prior to her removal to New York, she notified the plaintiff that she was about to remove, of the amount of her claim against him, and that she intended to retain the trunk until her bill was paid. She left it, with the board-bill, with her daughter, who retained possession as agent for S. until the daughter removed to New York, taking the trunk with her to S. By leaving the trunk with her daughter, S. did not abandon her lien. The possession of the daughter was the possession of S. The notice to the plaintiff's father that she held the trunk as security for the plaintiff's board-bill, and that she would send it to him if he desired, was a notice that he could, if he chose, pay her bill and take the trunk into his possession; and the reply was an acceptance of the offer. The parties must have so understood it. When S. delivered the trunk to the defendants with her bill, C. O. D., she did not relinquish her lien. The defendants, when they received it, became her agents to convey it to Keene and deliver when, and only when, the board-bill was paid; and the possession of the defendants was the possession of S. The defendants had no right to part with the trunk until the bill of S. was paid. The plaintiff's right to recover is the same as if this suit were against S. *McFarland* v. *Wheeler*, 26 Wend. 467, 474.

The claim is made, that although S. may have had a valid lien in Massachusetts, she cannot enforce it here. Whether she could maintain an action here against one who had obtained possession of property wrongfully, we need not decide, since that question is not raised here. In this case, there is an attempt to divest S. of her lien, and there is no reason why she may not defend her title as well as if she were the absolute owner residing in Massachusetts and a suit were brought to take the property from her. The lien of S. was as perfect as the lien under a mortgage made and executed in Massachusetts in accordance with their laws would be. In such cases the title under the mortgage could be shown, and would be a defence. *Offutt* v. *Flagg*, 10 N. H. 46; *Ferguson* v. *Clifford*, 37 N. H. 87, 96, 97; *Sargent* v. *Usher*, 55 N. H. 287;

*Schoff* v. *Laithe*, 58 N. H. 503; 2 Kent. Com. 458; Sto. Conf. Laws, ss. 18, 19, 244, 381, 384; *Smith* v. *Bank*, 5 Pet. 525; *Hoyt* v. *Comm'rs*, 23 N. Y. 224; *Catlin* v. *Hull*, 21 Vt. 152, 159.

*Judgment for the defendants for $21, the amount of the board bill.*

BINGHAM, J., did not sit: the others concurred.